IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:04CR344** |
| Plaintiff, | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| **STEVEN J. STODOLA,** | ) | |
| Defendant. | ) | |

The Court has received the Presentence Investigation Report ("PSR") in this case. The parties have not objected to the PSR. *See* Order on Sentencing Schedule, ¶ 6. The government adopted the PSR. (Filing No. 55.) The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 2005 WL 50108 (U.S. Jan. 12, 2005), the sentencing guidelines are advisory.

The Defendant filed a motion for downward departure (Filing No. 53) supported by a brief (Filing No. 54). The motion is based on: the lack of financial gain associated with the crime; the lack of violent behavior associated with the crime; aberrant behavior; and extraordinary rehabilitation.

The Court is unpersuaded by the lack of financial gain as a factor. Given the Defendant's criminal history, the number of weapons found, and the ammunition that was also found, the Court is similarly unpersuaded by the lack of violence associated with the crime and aberrant behavior as proper grounds for departure. Finally, while the Defendant's post-offense rehabilitation is commendable, the Eighth Circuit has stated offered considerable guidance. The Eighth Circuit has stated that such efforts are already considered under U.S.S.G. § 3E1.1 when the issue of acceptance of responsibility is decided. *United States v. Swick,* 334 F.3d 784, 789 (8th Cir. 2003). And even more

importantly, the Eighth Circuit has stated that whenever it has affirmed a downward departure based on extraordinary rehabilitation it has done so only when the rehabilitation began before prosecution. *Id.* In Stodola's case, his rehabilitation began three months after he was indicted, and he was obligated to begin treatment pursuant to his pretrial release conditions. Therefore, the Court concludes that, in Stodola's case, his rehabilitative efforts have been appropriately considered and rewarded through a three-level downward adjustment for acceptance of responsibility.

In summary, the Court is aware that it has the discretion to depart downward, and the Court declines to do so. The motion for downward departure is denied.

IT IS ORDERED:

1. The parties are notified that my tentative findings are that the Presentence Investigation Report is correct in all respects;

2. The Defendant's motion for downward departure is denied;

3. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4. Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

5.	Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 16th day of June, 2005.

> BY THE COURT:
>
> s/Laurie Smith Camp
> United States District Judge